## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIAMOND FINANCIAL SOLUTIONS**<br>**884 Town Center Drive**<br>**Langhorne, PA 19047**<br><br>                    **, Plaintiff**<br><br>    **v.**<br><br>**THE POTTS LAW FIRM**<br>**3737 Buffalo Speedway, Suite 1900**<br>**Houston, TX 77098**<br><br>                    **, Defendant** | **CIVIL ACTION**<br><br><br>**CASE NO.:_____**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### PARTIES

1. Plaintiff Diamond Financial Solutions, LLC ("Plaintiff") is incorporated in the State of Delaware with a corporate address of 16192 Costal Highway, Lewes, Delaware 19958 and a principal place of business located at 884 Town Center Drive, Langhorne, PA 19047 and is a citizen of the State of Delaware and the Commonwealth of Pennsylvania.

2. Defendant Potts Law Firm ("Defendant") is incorporated in the State of Texas with a corporate address and a principal place of business located at 3737 Buffalo Speedway, Suite 1900 Houston, Texas, 77098 and is a citizen of Texas.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that:

   a. Plaintiff is a citizen of the State of Delaware and the Commonwealth of Pennsylvania.

   b. Defendant is a citizen of the State of Texas.

   c. Therefore, there is complete diversity of the parties.

4. In addition, the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests or costs. Specifically, Plaintiff seeks damages in the amount of $1,779,837.20.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), since a substantial part of the events or omissions giving rise to the current action occurred in this judicial district, or, in the alternative, there is no district in which an action may otherwise be brought as provided under 28 U.S.C. §1391(b), and it is properly situated in a judicial district in which the Defendant is subject to the Court's personal jurisdiction with respect to such action.

**FACTUAL ALLEGATIONS**

6. Acosta & Williams, LLC ("Acosta") and Defendant executed a Promissory Note ("Note") on December 31, 2012. See Exhibit A.

7. The Note detailed that Acosta would give Defendant advanced funds for Defendant to use to pay expenses for specific transvaginal mesh litigation cases.

8. Defendant could apply for advances of a minimum amount of $250,000.00 up to a collective total of $1,500,000.00 pursuant to the terms of the Note.

9. The interest rate for these cash advances was set for 20% per annum.

10. Defendant agreed that it would make re-payment as to "the unpaid principal and accrued but unpaid interest plus any other sums due" within 30 days after receipt of the funds from the settlement funds in one of the transvaginal mesh litigation cases.

11. On July 2, 2019, Acosta signed an Assignment Agreement ("Assignment") with Plaintiff. See Exhibit B.

12. The Assignment granted Plaintiff all rights and obligations under the Note.

13. In accordance with the Note, Acosta made the following advances to Defendant as of April 16, 2013, when Defendant received the last Principal advance:

| Date | Principal added | Principal Balance | Number of Days From Prior Activity | Accrued Interest From Prior Activity | Balance Owed |
|---|---|---|---|---|---|
| 1/11/2013 | $ 150,000.00 | $ 150,000.00 | | | $ 150,000.00 |
| 1/14/2013 | $ 100,000.00 | $ 250,000.00 | 3 | $ 246.58 | $ 250,246.58 |
| 1/25/2013 | $ 50,000.00 | $ 300,000.00 | 11 | $ 1,508.34 | $ 301,754.91 |
| 1/30/2013 | $ 175,000.00 | $ 475,000.00 | 5 | $ 826.73 | $ 477,581.64 |
| 2/7/2013 | $ 25,000.00 | $ 500,000.00 | 8 | $ 2,093.51 | $ 504,675.15 |
| 4/1/2013 | $ 250,000.00 | $ 750,000.00 | 53 | $ 14,656.32 | $ 769,331.46 |
| 4/8/2013 | $ 125,000.00 | $ 875,000.00 | 7 | $ 2,950.86 | $ 897,282.32 |
| 4/16/2013 | $ 125,000.00 | $ 1,000,000.00 | 8 | $ 3,933.29 | $ 1,026,215.62 |
| **TOTAL INTEREST to 4/16/2013** | | | | **$ 26,215.62** | |

14. Defendant maintained a Principal Balance of $1,000,000.00 since the last principal advance on April 16, 2013.

15. Defendant owes the following accrued interest:

| Date | Principal Balance | Number of Days From Prior Activity | Accrued Interest From Prior Activity |
|---|---|---|---|
| 6/28/2018 | $ 1,000,000.00 | 1896 | $1,066,139.62 |
| 12/11/2018 | $ 1,000,000.00 | 166 | $ 149,386.83 |
| 3/29/2019 | $ 1,000,000.00 | 108 | $ 97,155.15 |
| 4/30/2019 | $ 1,000,000.00 | 32 | $ 29,613.54 |
| 6/11/2019 | $ 1,000,000.00 | 35 | $ 31,998.84 |
| 10/31/2019 | $ 1,000,000.00 | 143 | $ 129,327.60 |
| **INTEREST OWED (4/16/13-10/31/19)** | | | **$1,503,621.58** |
| **TOTAL INTEREST OWED (1/11/13 - 10/31/19)** | | | **$1,529,837.20** |

16. As of October 31, 2019, Defendant has made no payment toward the outstanding principal of $1,000,000.00 and it has only made minimal payments towards the accruing interest.

17. Specifically, Defendant has made the following payments, all of which were applied to accrued interest:

| Date of Activity | Principal Balance | Accrued Interest From Last Activity Date | Payments (Applied to Accrued Interest only) | Accrued Interest After Payment | Balance Owed (Sum of Principle Balance Plus Accrued Interest Plus Newly Accrued Interest Less Payments Towards Interest Owed) |
|---|---|---|---|---|---|
| 6/28/2018 | $ 1,000,000.00 | $ 1,066,139.62 | $ 450,000.00 | $ 616,139.62 | $ 1,642,355.24 |
| 12/11/2018 | $ 1,000,000.00 | $ 149,386.83 | $ 150,000.00 | $ 466,139.62 | $ 1,641,742.07 |
| 3/29/2019 | $ 1,000,000.00 | $ 97,155.15 | $ 50,000.00 | $ 416,139.62 | $ 1,688,897.22 |
| 4/30/2019 | $ 1,000,000.00 | $ 29,613.54 | $ 50,000.00 | $ 366,139.62 | $ 1,668,510.76 |
| 6/11/2019 | $ 1,000,000.00 | $ 31,998.84 | $ 50,000.00 | $ 316,139.62 | $ 1,650,509.60 |
| 10/31/2019 | $ 1,000,000.00 | $ 129,327.60 | | $ 445,467.22 | $ 1,779,837.20 |

**TOTAL INTEREST**      $ 1,529,837.20

**TOTAL PAYMENTS**      $ 750,000.00

**TOTAL DUE AS OF 10/31/2019**      $      1,779,837.20

18. In accordance with the Note, Defendant was required to have paid all amounts remaining due and owing prior to October 31, 2019.

19. Defendant has failed to abide by the terms of the Note and they have failed to make the required payment to Acosta or Plaintiff in the amount of $1,779,837.20 as of October 31, 2019.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

21. The Note dated December 31, 2012 between Acosta and Defendant constitutes a valid and enforceable contract between the parties. See Exhibit A.

22. Pursuant to the Note, Acosta loaned Defendant funds in exchange for a re-payment of these funds in accordance with the terms of the Note.

4

23. Pursuant to the Assignment, Acosta granted Plaintiff all rights and obligations under the Note.

24. As Defendant has failed to make the payments to Plaintiff or Acosta, Defendant has breached the Note.

25. Therefore, Plaintiff has suffered damages in the amount of $1,779,837.20, which is the total amount owed under the Note.

## COUNT II
## UNJUST ENRICHMENT

26. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

27. Acosta conferred the benefit of funds to Defendant.

28. Defendant appreciated the benefit of these funds.

29. Defendant accepted and retained the benefits of Acosta and/or Plaintiff's funds under such circumstances that it would be inequitable for Defendant to retain the benefit without payment of value to Plaintiff.

## COUNT III
## ACCOUNT STATED

30. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

31. Defendant entered into an agreement with Acosta for the advancement of funds to be used by Defendant for funding litigation.

32. Acosta provided such services on an ongoing basis between January 2013 and October 2019.

33. There has been a running account in that Plaintiff regularly provided Defendant with statements indicating the amounts owed and interests accrued.

34. Defendant never disputed the amounts at issue and therefore has assented to the account.

35. Moreover, Defendant has made periodic payments towards the amounts due.

36. Currently a balance in the amount of $1,779,837.20 remains due.

37. Accordingly, Plaintiff has a claim against Defendants for Account Stated in the amount of $1,779,837.20.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Court to enter judgment in its favor and against Defendant and requests that this Court:

a. Exercise jurisdiction over all of the claims;

b. Award traditional remedies including but not limited to compensatory damages in the amount of $1,779,837.20;

c. Order Defendant to pay Plaintiff pre-judgment and post-judgment interest, cost of suit and attorney and expert witness fees as allowed by law; and,

d. Other and further relief as this Court may deem appropriate.

Respectfully submitted,

By: _____

Louis F. Hornstine, Esquire
Lou@Hornstine.com
Hornstine Law, LLC
2 Canal's End Road
Suite 201-A
Bristol, PA 19007
Tel: (215) 568-4968
Attorney for Plaintiffs

# EXHIBIT A

# PROMISSORY NOTE

$1,500,000.00                                                    December 31st , 2012

FOR VALUE RECEIVED, THE POTTS LAW FIRM, LLP (the "Borrower"), hereby covenants and promises to pay to the order of Acosta & Williams, LLC ("Lender"), or its successors or assigns, at Lender's office at 884 Town Center Drive, or at such other place as the Lender may designate to the Borrower in writing from time to time, in legal tender of the United States, the sum of ONE MILLION FIVE HUNDRED AND 00/100 Dollars ($1,500,000.00) or such lesser sum as shall have been advanced hereunder pursuant to the provisions within this Promissory Note, along with interest at the Interest Rate as provided herein.

    1.    Definitions. As used throughout this Promissory Note, the following capitalized terms shall have the following meanings:

    "Advance(s)" shall mean a principal amount received by Borrower pursuant to this Promissory Note.

"Event of Default" shall mean

    a.    the Borrower's failure to pay when due any required payment of principal, interest or other sums due hereunder and a continuance thereof for thirty (30) days after sufficient notice of such default.

    b.    Events of bankruptcy, insolvency or reorganization of the Borrower.

    c.    Any Change in Control of the Borrower occurs.

    d.    Notice is given to the Borrower by the Lender that, in the opinion of the Lender, any litigation or governmental proceeding which has been instituted against the Borrower and/or any member, partner or employee thereof, including but not limited to, judicial, administrative, regulatory or ethics matters, will reasonably be likely to have a Material Adverse Effect, and within thirty (30) days after such notice (i) such litigation or proceeding is not dismissed or (ii) an opinion of the Borrower's trial counsel shall not have been received by Lender, in form and substance satisfactory to Lender, that the Borrower or the affected Subsidiary has a meritorious position and will ultimately prevail in the Proceedings.

    "Interest Rate" shall mean TWENTY PERCENT (20%) per annum

    2.    Principal Advances. Borrower shall be entitled to receive Advances hereunder upon Borrower's compliance with and satisfaction of the following conditions precedent:

    (a)    The Borrower shall deliver to Lender a fully executed Application for Advance for an amount of no less than two hundred fifty thousand dollars ($250,000.00) (or if greater

than the minimum, which shall be an even multiple of $250,000.00), such form is attached hereto as Exhibit A.

(b)   Any advance made by the Lender pursuant to this Agreement, shall be used by the Borrower exclusively to pay expenses reasonably related to one or more of the following transvaginal mesh litigations in which the Borrower is involved: In Re American Medical Systems Pelvic Repair Products Litigation (MDL No. 2325), In Re Boston Scientific Corporation Pelvic Repair Products Litigation (MDL No. 2326), In Re Ethicon Pelvic Repair Products Litigation (MDL No. 2327) , and In Re CR Bard, Inc. Pelvic Repair Products Litigation (MDL No.2187) (collectively, "the Vag Mesh litigation").

(c)   It is agreed that the Applications for Advances and resulting Payments shall occur as follows, absent a mutual agreement to the contrary:

    i.   $500,000 on January 2, 2013
    ii.   $500,000 on April 1, 2013
    iii.   $250,000 on July 1, 2013
    iv.   $250,000 on October 1, 2013

(d)   There shall then exist no Event of Default.

(e)   The representations and warranties made in this Promissory Note shall be true and correct in all material respects on and as of the date of each Advance, with the same effect as if made on that date.

(f)   The requested Advance will not cause the total aggregate amount of the Advances to exceed the maximum principal amount of $1,500,000.

Upon satisfaction of the preceding conditions precedent, Lender shall advance the amount set forth in such Application for Advance directly to Borrower on the dates listed above.

3.   <u>Required Payments of Principal and Interest</u>.   It is agreed that Borrower shall repay the unpaid principal and accrued but unpaid interest plus any other sums due hereunder no later than thirty days after receipt of funds from the global settlements of any one of the cases comprising the Vag Mesh litigation.   The amount of the payment due shall be indexed to the outstanding principal balance of the line of credit contemplated herein as follows:

a.   If the outstanding principal balance is $500,000.00 or less, the Borrower shall deliver to the Lender 25% of its share of the legal fees generated in the Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below;

b.   If the outstanding principal balance is between $500,000.00 and $1,000,000.00, the Borrower shall deliver to the Lender 30% of its share of the legal fees generated in the

Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below; or

c.   If the outstanding principal balance is $1,000,000.00 or greater, the Borrower shall deliver to the Lender 35% of its share of the legal fees generated in the Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below.

d.   If the balance owed, including interest, is less than the amount due in accordance with the calculations set forth in subsections a, b and c above, the amount due shall be the actual balance owed.   It is understood and agreed by both parties subject to this agreement that this Promissory Note is not creating any additional interest of Lender in Borrowers share of the legal fees generated in the Vag Mesh litigation other than the repayment of principal and interest required by this agreement.

e.   Upon receipt of its legal fees for the final case(s) comprising the Vag Mesh litigation, the Borrower shall pay the entire balance owed, including interest, without regard to the calculations set forth in subparagraphs a, b and c herein.

4.   <u>Prepayment</u>.  Borrower may prepay all or any portion of this loan prior to Lender's demand without a prepayment penalty.

5.   <u>Security Interest of Lender in Accounts and Proceeds</u>.  Borrower assigns to Lender and agree that lender shall have a security interest, in the form of an attorney's lien, in the Borrower's share of any legal fees generated in any and all cases wherein the Borrower and the Lender are each identified in the client's retainer agreements, consisting all such accounts now existing or arising in the future, and the proceeds in any form of all of said accounts, whether specifically assigned to lender or not. The security interest of the Lender in all of said accounts, whether specifically assigned to Lender or not, shall secure Borrower's indebtedness to lender for all advances made by Lender to Borrower under this note and also all other indebtedness of Borrower to Lender now existing or arising in the future.

6.   <u>No Modifications</u>.  This Promissory Note may not be changed, modified or amended orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

7.   <u>Choice of Laws</u>.  This Promissory Note is to be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania and applicable federal law. In the event of any dispute concerning the interpretation, application or enforcement of this Promissory Note, or any other document executed in connection herewith, the sole and exclusive venue for same shall be the Court of Common Pleas in and for Bucks County, Pennsylvania. Borrower hereby consents to the jurisdiction of said Court. The Lender and the Borrower understand, acknowledge and agree the Promissory Note is governed by the laws of the Commonwealth of Pennsylvania and applicable federal law, including, without limitation, the provisions of federal law which relate to the maximum interest rate or amount of interest, discount points, finance charges, or other similar charges allowed, including, without limitation, Section 731 of the Gramm-Leach-Bliley Financial Modernization Act

of 1999 as codified at 12 U.S.C. § 1831u.

8.   Severability.  In the event that any one or more of the provisions contained in this Promissory Note or in any other document executed in connection herewith shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Promissory Note or any other document executed in connection herewith, and in lieu of such invalid, illegal or unenforceable provision there shall be added automatically as part of this this Promissory Note a provision as similar in terms to such invalid, illegal or unenforceable provision as may be possible and be valid, legal and enforceable thereafter.

9.   Binding Effect.  This Promissory Note and all covenants, promises and agreements contained herein or associated herewith shall be binding upon and inure to the benefit of the respective legal representatives, personal representatives, devisees, heirs, successors and assigns of the Lender and the Borrower.  The term "Lender" shall be deemed to mean the holder of this Promissory Note from time to time.

IN WITNESS WHEREOF, the parties hereto have executed this Promissory Note on the date set forth in the preface.

BORROWER:

The Potts Law Firm, LLP

By: _____

Derek Potts, Managing Partner

LENDER:

Acosta & Williams, LLC

By: _____

Dennis Williams, Managing Partner

EXHIBIT A

APPLICATION FOR ADVANCE

Date: _12-31~12_

Acosta & Williams, LLC
884 Town Center Drive
Langhorne, PA 19047

    Re:    Application for Advance under that certain $1,500,000.00 Promissory Note dated as of _December 31_, 201_2_ as entered into by and between the Potts Law Firm, LLP ("Borrower") and Acosta & Williams, LLC ("Lender")

Dear Messrs. Acosta and Williams:

    In accordance with the terms of the Promissory Note, Borrower desires to obtain from Lender an advance of principal in the amount of $ _500,000.00_. In requesting this advance, Borrower represents and warrants to Lender that as of the date hereof:

    1.    No Event of Default has occurred under the Promissory Note nor has any event occurred which, with the giving of notice and/or the passage of time, would constitute an Event of Default; and

    2.    If the Lender advances the funds requested hereby, the total outstanding principal balance under the Promissory Note shall be $ _500,000.00_.

                THE POTTS LAW FIRM, LLP

                By: _____

                Title: _Managing Partner_

# EXHIBIT B

## *ASSIGNMENT AGREEMENT*

This ASSIGNMENT AGREEMENT made this July 02, 2019, by and between Acosta & Williams LLC of 884 Town Center Drive, Langhorne, Pennsylvania 19047 hereinafter referred to as 'Assignor', and Diamond Financial Solutions LLC of 884 Town Center Drive, Langhorne, Pennsylvania 19047 hereinafter referred to as 'Assignee', in consideration of the mutual covenants herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, witnesseth:

WHEREAS, Assignor entered into a Contract on December 31, 2012, included as an attachment to this Agreement, namely Promissory Note hereinafter referred to as Contract with Potts Law Firm LLP, hereinafter 'Obligor';

WHEREAS, the Contract calls for payments of $50,000 per month by Obligor with a balloon payment for the remaining balance due December 31, 2019 as may be extended as permitted therein;

WHEREAS, Assignor wishes to assign all of its rights and obligations under the Contract to Assignee; and

WHEREAS, the Contract does not require the prior consent of the Obligor;

NOW THEREFORE, Assignor and Assignee agree as follows:

1. Assignor and Assignee hereby agree that the Assignor shall assign all its right, title, and interest, and delegate all its obligations responsibilities and duties, in and to the Contract, to Assignee.

2. Assignee hereby accepts the assignment of all of Assignors obligations responsibilities and duties under the Contract and all of Assignors right, title and interest in and to the Contract.

3. Notwithstanding the foregoing, Assignor agrees to defend and indemnify the Obligor from any and all claims, actions, judgments, liabilities, proceedings and costs, including reasonable attorneys fees and other costs of defense and damages, resulting from Assignors performance prior to the assignment of the contract and resulting from Assignees performance after the assignment of the Contract, provided however, that after the assignment of the Contract the State shall first look to Assignee to satisfy all claims, actions, judgments, liabilities, proceedings and costs, including reasonable attorneys fees and other costs of defense and damages resulting from Assignees performance.

4. Assignee agrees to indemnify the Obligor from any and all claims, actions, judgments, liabilities, proceedings and costs, including reasonable attorneys fees and other costs of defense and damages, resulting from Assignees performance after the assignment of the Contract.

5. This Agreement is governed by the laws of the state of Pennsylvania, without regard to Pennsylvania's conflict or choice of law provisions, and both parties expressly consent to jurisdiction in such courts.

IN WITNESS WHEREOF, the parties set their hands and seals as of the date first above written.

Dennis P. Williams, Managing Member
Acosta & Williams LLC

David Frascella, Managing Member
Diamond Financial Solutions LLC

## PROMISSORY NOTE

$1,500,000.00                                    December 3l̲s̲t̲ , 2012

FOR VALUE RECEIVED, THE POTTS LAW FIRM, LLP (the "Borrower"), hereby covenants and promises to pay to the order of Acosta & Williams, LLC ("Lender"), or its successors or assigns, at Lender's office at 884 Town Center Drive, or at such other place as the Lender may designate to the Borrower in writing from time to time, in legal tender of the United States, the sum of ONE MILLION FIVE HUNDRED AND 00/100 Dollars ($1,500,000.00) or such lesser sum as shall have been advanced hereunder pursuant to the provisions within this Promissory Note, along with interest at the Interest Rate as provided herein.

1.   Definitions.  As used throughout this Promissory Note, the following capitalized terms shall have the following meanings:

"Advance(s)" shall mean a principal amount received by Borrower pursuant to this Promissory Note.

"Event of Default" shall mean

a.   the Borrower's failure to pay when due any required payment of principal, interest or other sums due hereunder and a continuance thereof for thirty (30) days after sufficient notice of such default.

b.   Events of bankruptcy, insolvency or reorganization of the Borrower.

c.   Any Change in Control of the Borrower occurs.

d.   Notice is given to the Borrower by the Lender that, in the opinion of the Lender, any litigation or governmental proceeding which has been instituted against the Borrower and/or any member, partner or employee thereof, including but not limited to, judicial, administrative, regulatory or ethics matters, will reasonably be likely to have a Material Adverse Effect, and within thirty (30) days after such notice (i) such litigation or proceeding is not dismissed or (ii) an opinion of the Borrower's trial counsel shall not have been received by Lender, in form and substance satisfactory to Lender, that the Borrower or the affected Subsidiary has a meritorious position and will ultimately prevail in the Proceedings.

"Interest Rate" shall mean TWENTY PERCENT (20%) per annum

2.   Principal Advances.  Borrower shall be entitled to receive Advances hereunder upon Borrower's compliance with and satisfaction of the following conditions precedent:

(a)   The Borrower shall deliver to Lender a fully executed Application for Advance for an amount of no less than two hundred fifty thousand dollars ($250,000.00) (or if greater

than the minimum, which shall be an even multiple of $250,000.00), such form is attached hereto as Exhibit A.

(b)   Any advance made by the Lender pursuant to this Agreement, shall be used by the Borrower exclusively to pay expenses reasonably related to one or more of the following transvaginal mesh litigations in which the Borrower is involved: In Re American Medical Systems Pelvic Repair Products Litigation (MDL No. 2325), In Re Boston Scientific Corporation Pelvic Repair Products Litigation (MDL No. 2326), In Re Ethicon Pelvic Repair Products Litigation (MDL No. 2327) , and In Re CR Bard, Inc. Pelvic Repair Products Litigation (MDL No.2187) (collectively, "the Vag Mesh litigation").

(c)   It is agreed that the Applications for Advances and resulting Payments shall occur as follows, absent a mutual agreement to the contrary:

  i.   $500,000 on January 2, 2013
 ii.   $500,000 on April 1, 2013
iii.   $250,000 on July 1, 2013
 iv.   $250,000 on October 1, 2013

(d)   There shall then exist no Event of Default.

(e)   The representations and warranties made in this Promissory Note shall be true and correct in all material respects on and as of the date of each Advance, with the same effect as if made on that date.

(f)   The requested Advance will not cause the total aggregate amount of the Advances to exceed the maximum principal amount of $1,500,000.

Upon satisfaction of the preceding conditions precedent, Lender shall advance the amount set forth in such Application for Advance directly to Borrower on the dates listed above.

3.   Required Payments of Principal and Interest.   It is agreed that Borrower shall repay the unpaid principal and accrued but unpaid interest plus any other sums due hereunder no later than thirty days after receipt of funds from the global settlements of any one of the cases comprising the Vag Mesh litigation.   The amount of the payment due shall be indexed to the outstanding principal balance of the line of credit contemplated herein as follows:

a.   If the outstanding principal balance is $500,000.00 or less, the Borrower shall deliver to the Lender 25% of its share of the legal fees generated in the Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below;

b.   If the outstanding principal balance is between $500,000.00 and $1,000,000.00, the Borrower shall deliver to the Lender 30% of its share of the legal fees generated in the

Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below; or

c.  If the outstanding principal balance is $1,000,000.00 or greater, the Borrower shall deliver to the Lender 35% of its share of the legal fees generated in the Vag Mesh litigation as of the date payment is made, less any amount previously paid by the Borrower in accordance with paragraph 4 below.

d.  If the balance owed, including interest, is less than the amount due in accordance with the calculations set forth in subsections a, b and c above, the amount due shall be the actual balance owed.     It is understood and agreed by both parties subject to this agreement that this Promissory Note is not creating any additional interest of Lender in Borrowers share of the legal fees generated in the Vag Mesh litigation other than the repayment of principal and interest required by this agreement.

e.  Upon receipt of its legal fees for the final case(s) comprising the Vag Mesh litigation, the Borrower shall pay the entire balance owed, including interest, without regard to the calculations set forth in subparagraphs a, b and c herein.

4.   Prepayment.  Borrower may prepay all or any portion of this loan prior to Lender's demand without a prepayment penalty.

5.   Security Interest of Lender in Accounts and Proceeds. Borrower assigns to Lender and agree that lender shall have a security interest, in the form of an attorney's lien, in the Borrower's share of any legal fees generated in any and all cases wherein the Borrower and the Lender are each identified in the client's retainer agreements, consisting all such accounts now existing or arising in the future, and the proceeds in any form of all of said accounts, whether specifically assigned to lender or not. The security interest of the Lender in all of said accounts, whether specifically assigned to Lender or not, shall secure Borrower's indebtedness to lender for all advances made by Lender to Borrower under this note and also all other indebtedness of Borrower to Lender now existing or arising in the future.

6.   No Modifications.  This Promissory Note may not be changed, modified or amended orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

7.   Choice of Laws.  This Promissory Note is to be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania and applicable federal law. In the event of any dispute concerning the interpretation, application or enforcement of this Promissory Note, or any other document executed in connection herewith, the sole and exclusive venue for same shall be the Court of Common Pleas in and for Bucks County, Pennsylvania. Borrower hereby consents to the jurisdiction of said Court. The Lender and the Borrower understand, acknowledge and agree the Promissory Note is governed by the laws of the Commonwealth of Pennsylvania and applicable federal law, including, without limitation, the provisions of federal law which relate to the maximum interest rate or amount of interest, discount points, finance charges, or other similar charges allowed, including, without limitation, Section 731 of the Gramm-Leach-Bliley Financial Modernization Act

of 1999 as codified at 12 U.S.C. § 1831u.

   8. <u>Severability.</u>  In the event that any one or more of the provisions contained in this Promissory Note or in any other document executed in connection herewith shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Promissory Note or any other document executed in connection herewith, and in lieu of such invalid, illegal or unenforceable provision there shall be added automatically as part of this Promissory Note a provision as similar in terms to such invalid, illegal or unenforceable provision as may be possible and be valid, legal and enforceable thereafter.

   9. <u>Binding Effect.</u>  This Promissory Note and all covenants, promises and agreements contained herein or associated herewith shall be binding upon and inure to the benefit of the respective legal representatives, personal representatives, devisees, heirs, successors and assigns of the Lender and the Borrower.  The term "Lender" shall be deemed to mean the holder of this Promissory Note from time to time.

   IN WITNESS WHEREOF, the parties hereto have executed this Promissory Note on the date set forth in the preface.

BORROWER:

The Potts Law Firm, LLP

By: _____

   Derek Potts, Managing Partner


LENDER:

Acosta & Williams, LLC

By: _____

   Dennis Williams, Managing Partner

## EXHIBIT A

## APPLICATION FOR ADVANCE

Date: _12-31-12_

Acosta & Williams, LLC
884 Town Center Drive
Langhorne, PA 19047

      Re:    Application for Advance under that certain $1,500,000.00 Promissory Note dated as of _December 31_, 201_2_ as entered into by and between the Potts Law Firm, LLP ("Borrower") and Acosta & Williams, LLC ("Lender")

Dear Messrs. Acosta and Williams:

      In accordance with the terms of the Promissory Note, Borrower desires to obtain from Lender an advance of principal in the amount of $ _500,000.00_. In requesting this advance, Borrower represents and warrants to Lender that as of the date hereof:

      1.    No Event of Default has occurred under the Promissory Note nor has any event occurred which, with the giving of notice and/or the passage of time, would constitute an Event of Default; and

      2.    If the Lender advances the funds requested hereby, the total outstanding principal balance under the Promissory Note shall be $ _500,000.00_.

THE POTTS LAW FIRM, LLP

By: _____

Title: _Managing Partner_

JS 44 (Rev 02/19)   AB                **CIVIL COVER SHEET**        *19-CV-5420*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| DIAMOND FINANCIAL SOLUCTIONS | THE POTTS LAW FIRM |
| **(b)** County of Residence of First Listed Plaintiff   Bucks County, PA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Harris County, TX<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Louis F Hornstine, Esq , Hornstine Law<br>2 Canal's End Rd, Suite 201A, Bristol, PA 19007<br>215-568-4968 | Attorneys *(If Known)* |

| **II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff* | |
|---|---|---|---|
| | | *(For Diversity Cases Only)* and One Box for Defendant) | |

| | | | | **PTF** | **DEF** | | | **PTF** | **DEF** |
|---|---|---|---|---|---|---|---|---|---|
| ☐ 1  U S Government<br>Plaintiff | ☐ 3  Federal Question<br>*(U.S. Government Not a Party)* | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☒ 4 | ☐ 4 | |
| ☐ 2  U S Government<br>Defendant | ☒ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 | |
| | | Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 | |

| **IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* | | | | Click here for Nature of Suit Code Descriptions |
|---|---|---|---|---|

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS -Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

| **V. ORIGIN** *(Place an "X" in One Box Only)* | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

| **VI. CAUSE OF ACTION** | Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)* |
|---|---|
| | Brief description of cause<br>Breach of Contract, Unjust Enrichment and Account Stated Claims for Failure to Pay Loan |

| **VII. REQUESTED IN**<br>**COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F R Cv P | **DEMAND $**<br>1,779,837 20 | CHECK YES only if demanded in complaint<br>**JURY DEMAND:**   ☒ Yes   ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)**<br>**IF ANY** | *(See instructions)*   JUDGE | DOCKET NUMBER   NOV 19 2019 |
|---|---|---|

| DATE<br>11/19/2019 | SIGNATURE OF ATTORNEY OF RECORD<br>*L F Hnst...* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT              APPLYING IFP              JUDGE              MAG JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19 5420

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 884 Town Center Drive, Langhorne, PA 19047

Address of Defendant: 3737 Buffalo Speedway, Suite 1900, Houston, TX 77098

Place of Accident, Incident or Transaction: 884 Town Center Drive, Langhorne, PA 19047

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 11/19/2019    _____ Attorney-at-Law / Pro Se Plaintiff    25245 Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)* _____

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts ☑
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability -- Asbestos
9. All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Louis F. Hornstine, Esq., counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 11/19/2019    _____ Attorney-at-Law / Pro Se Plaintiff    25245 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

NOV 19 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Diamond Financial Solutions | : | CIVIL ACTION |
| v. | : | **19  5420** |
| The Potts Law Firm | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 11/19/2019 | Louis F. Hornstine, Esq. | ~~Lou F. Hornstine~~ |
| **Date** | **Attorney-at-law** | **Attorney for  Plaintiff** |
| 215-568-4968 | 609-964-1849 | lou@hornstine.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 19 2019